IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RALPH W. MLASKA, Petitioner, v. TERRY POLK, Respondent. | No. 05 C 2770<br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

In 1999, Ralph Mlaska pleaded guilty to first degree murder in state court. He has now filed a motion pursuant to 28 U.S.C. § 2254 ("section 2254") to vacate, set aside or correct his conviction. For the reasons set forth below, the motion is denied.

### Background

On June 30, 1999, Mlaska pleaded guilty to first degree murder and was sentenced to forty-two years in prison. (Pet. at 1.)

On April 16, 2002, he filed a petition for post-conviction relief. (*See* Respondent's Answer, Ex. E, Post-Conviction Pet.) In that petition, Mlaska alleged that: (1) his lawyer was ineffective for failing to tell the government and the court that Mlaska was willing to testify against his co-defendant, for rejecting a plea offer without telling Mlaska about it, for coercing Mlaska into pleading guilty and for laboring under a conflict of interest; and (2) the prosecutor engaged in misconduct by failing to tell the court that Mlaska was willing to testify against his co-defendant. (*Id.* at 1-3).

On May 24, 2002, the trial court denied Mlaska's post-conviction petition. (*See* Resp't's Answer, Ex. F, *People v. Mlaska*, No. 96 CR 27482-01, slip op. at 1 (Cir. Ct. Cook County May 29, 2002).)

Mlaska appealed, and the appellate court affirmed the trial court's decision. (*See id.*, Ex. G, *People v. Mlaska*, No. 1-02-1717, slip op. at 5 (Ill. App. Ct. Mar. 31, 2004).) The appellate court also rejected Mlaska's request for a rehearing. (*See id.*, Ex. L, *People v. Mlaska*, No. 1-02-1717, slip op. at 1 (Ill. App. Ct. May 27, 2004).)

Mlaska then filed a petition for leave to appeal to the Illinois Supreme Court, but it too was denied. (*See id.*, Ex. N, *People v. Mlaska*, No. 98913, slip op. at 1 (Ill. Oct. 6, 2004).)

Finally, Mlaska filed a petition for a writ of certiorari to the U.S. Supreme Court. On April 18, 2005, the Court denied his petition. *See Mlaska v. Ill.*, 544 U.S. 987 (2005).

On May 23, 2005, Mlaska sought leave to file a second petition for post-conviction relief. (*See* Resp't's Answer, Ex. O, Mot. Leave File Second Post-Conviction Pet.) On June 3, 2005, his motion was denied. (*See id.*, Ex. R, *People v. Mlaska*, No. 96 CR 27482 (Cir. Ct. Cook County June 3, 2005).)

## Discussion

In his 2254 petition, Mlaska contends that his constitutional rights to effective counsel, due process and to be free from cruel and unusual punishment were violated because: (1) his lawyer rejected a plea offer without Mlaska's knowledge or consent; (2) his lawyer failed to tell the court and the prosecutor that Mlaska was willing to testify against his co-defendant; (3) his lawyer told Mlaska that the prosecutor could use evidence of his other crimes to prove *modus operandi*; (4) his lawyer had a conflict of interest because he had previously represented

2

Mlaska's co-defendant; (5) his lawyer failed to introduce mitigating evidence and evidence of Mlaska's rehabilitative potential at sentencing; (6) his lawyer failed to investigate the defense of voluntary intoxication; (7) his lawyer and the court failed to tell Mlaska about the intent element for first degree murder; (8) his lawyer and the court failed to tell Mlaska that his sentence included a period of supervised release with electronic monitoring; (9) the totality of his lawyer's errors rendered Mlaska's plea invalid; and (10) the court imposed a greater sentence on Mlaska than on his co-defendant.

## Procedural Bars

The Court can reach the merits of Mlaska's claims only if he fairly presented them to the state courts for resolution and exhausted all available state-court remedies. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). Mlaska exhausted his state-court remedies only if he gave "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The only claim that Mlaska raised at every stage of the state-court process is the first one, that his lawyer was ineffective because he rejected a plea offer without Mlaska's knowledge or consent. Mlaska's nine other claims are procedurally defaulted.

The Court can excuse the default, however, if Mlaska demonstrates cause for and prejudice from it. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Mlaska says there are two causes for his default: (1) ineffective assistance of counsel; and (2) his mental incapacity.

Ineffective assistance of counsel constitutes cause for procedural default only if (1) petitioner had a right to effective counsel in the proceeding from which the claim was omitted; and (2) absent his counsel's unreasonable performance, the result of the proceeding would likely

3

have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (stating that ineffective assistance claim requires petitioner to show both that counsel performed unreasonably and that petitioner was prejudiced as a result); *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (holding that ineffective assistance of counsel did not provide cause for default because petitioner did not have a right to effective counsel in the proceeding in which the claim was defaulted).

Mlaska defaulted his claims by failing to raise them during the post-conviction process. He did not, however, have a right to effective counsel during those post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[P]risoners [do not] have a constitutional right to counsel when mounting collateral attacks upon their convictions."). Thus, his lawyer's actions cannot cure the default of his claims. *Anderson*, 227 F.3d at 901.

Moreover, even if ineffective assistance could cure the default, Mlaska still could not make the showing required by *Strickland* for any of his claims. With respect to the first defaulted claim – that his lawyer could have obtained a better plea agreement if he had offered Mlaksa's testimony – Mlaska cannot show prejudice. As the Seventh Circuit explained in an analogous case:

> Not every adverse consequence of counsel's choices is "prejudice" for constitutional purposes. . . . The guarantee of counsel in the sixth amendment is designed to promote fair trials leading to accurate determinations of guilt or innocence. The Constitution does not ensure that lawyers will be good negotiators, locking in the best plea bargains available. . . . Failure to make a deal that "beats" the [Sentencing] Guidelines does not demonstrate ineffective assistance . . . .

*United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993) (citations omitted). Perhaps defense counsel could have secured a better plea if he had offered Mlaska's testimony against his co-defendant. But that does not make his efforts, which led to the dismissal of the robbery, home

4

invasion and aggravated arson charges against Mlaska and garnered him a sentence in the middle of the statutory range for the murder charge, constitutionally infirm. *See* 730 ILL. COMP. STAT. 5/5-8-1(a)(1)(a) (stating that the sentence for first degree murder "shall be not less than 20 years and not more than 60 years"); (Resp't's Answer, Ex. A, 6/30/99 Plea Hr'g Tr. at I-4, I-12).

Mlaska fares no better with the second defaulted claim, that his lawyer erred in telling him that the prosecutor could use evidence of his other crimes to prove *modus operandi*. As with the first defaulted claim, even if we assume that counsel's action was unreasonable, Mlaska has not shown that he was prejudiced by it. In this context, prejudice means that "there was a reasonable probability . . . [Mlaska] would not have pleaded guilty and would have insisted on going to trial," absent his lawyer's errors. *Arango-Alvarez v. United States*, 134 F.3d 888, 892 (7th Cir. 1998). Mlaska does not argue that he would have gone to trial if he had known his past crimes could not be used to show *modus operandi*. In fact, in his state post-conviction petition, Mlaska said the opposite:

> Ineffective Assistance of [C]ounsel – in the case at bar, the defendant's attorney knew that defendant not only wanted to plead guilty, thereby assuming responsibility for his actions; but also that defendant offered his statement and testimony against the co-defendants in this case, thereby assisting in the swift and accurate administration of justice . . . .

(Resp't's Answer, Ex. E, Pet. Post-Conviction Relief at 1.)

In any event, the notion that Mlaska would have opted for a trial, absent counsel's alleged error, strains credulity. As the trial judge noted, given the circumstances of the murder, Mlaska faced a sentence of "a hundred years in prison, as well as natural life," if he proceeded to trial. (*Id.*, Ex. A, 6/30/99 Plea Hr'g Tr. at I-4.) No rational defendant who had admitted that he was involved in robbing, killing a man and setting fire to his apartment would exchange a forty-

two year sentence for the risk of life in prison simply because the government could not use his past crimes at trial to prove *modus operandi*.

Mlaska also could not cure the default of his conflict-of-interest claim, which is based on his lawyer's alleged prior representation of his co-defendant on another robbery charge. Mlaska asserts that the conflict prejudiced him because:

> [h]ad I gone to trial, the State inevitabley [sic] would have had to use [my co-defendant] as their lead witness, because [he] was the only person with me at the time of [the victim's] death. Because the nature of my case dealt with robbing [the victim], my attorney inevitably would be faced with impeaching [my co-defendant] with his prior [r]obbery conviction and would also know of confidential information that would likely have restrained him from attacking [my co-defendant] if I had a trial.

(Pet'r's Supplement Reply State's Answer, Mlaska Aff. ¶ 4.) In other words, Mlaska says the alleged conflict would have caused a problem if he had gone to trial, not that he would have chosen a trial had he known about the conflict. Because Mlaska has not shown that he would have gone to trial if he had known about the alleged conflict, he could not cure his default on this claim even if he had a right to effective counsel on collateral attack.

Mlaska's next defaulted claim is that his lawyer failed to introduce mitigating evidence and evidence of Mlaska's rehabilitative potential at sentencing. There are two problems with this argument. First, the only such evidence Mlaska identifies is his willingness to testify against his co-defendant, which is not generally considered a mitigating factor. *See People v. Jones*, 692 N.E.2d 762, 770 (Ill. App. Ct. 1998) ("In determining an appropriate sentence, defendant's history, character, rehabilitative potential, seriousness of offense, need to protect society, and need for deterrence and punishment must be equally weighed."); *People v. Smith*, 596 N.E.2d 669, 677 (Ill. App. Ct. 1992) ("In sentencing a defendant, the trial court may consider the gravity and circumstances of the offense as well as defendant's mental capacity, age, demeanor, and

6

credibility."). Second, even if it were, the record does not establish that counsel failed to offer it. Though counsel did not offer mitigation evidence at the plea hearing, the transcript of that hearing suggests that he did sometime before:

> THE COURT: I find there is a factual basis to find him guilty. I find him guilty of the crime of first degree murder. Aggravation?
> [PROSECUTION]: Judge, we're going to rest on the conference.
> THE COURT: Mitigation?
> [DEFENSE]: We're going to rest on the conference.

(Resp't's Answer, Ex. A, 6/30/99 Plea Hr'g Tr. at I-10-11.) In short, Mlaska has not demonstrated that his lawyer acted unreasonably, the first prerequisite to curing a default.

The next two claims have the same problem. In these claims, Mlaska asserts that his lawyer should have investigated a voluntary intoxication defense and told him about the intent element of first degree murder. Mlaska admitted, however, that the victim died while he and his co-defendant restrained him – by the neck – during the course of robbing his house. That admission renders Mlaska's intent, or lack of it, irrelevant. *See* 720 ILL. COMP. STAT. 5/9-1(a)(3) ("A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death . . . he is attempting or committing a forcible felony other than second degree murder."); 720 ILL. COMP. STAT. 5/2-8 (defining "forcible felony" as, among other things, "robbery . . . and any other felony which involves the use or threat of physical force or violence against any individual"); *People v. Riddle*, 529 N.E.2d 713, 716 (Ill. App. Ct. 1988) (stating that intoxication is a defense to a crime only if defendant's condition "negated the existence of the requisite mental state which is an element of the crime"). Because Mlaska's intent had no bearing on the murder charge, his lawyer was not required to address it.

Mlaska also says his lawyer failed to tell him that his sentence included a period of supervised release with electronic monitoring. To the extent Mlaska contends that he was

7

unaware that his sentence included any period of supervised release, the record flatly refutes him. (*See* Resp't's Answer, Ex. A, 6/30/99 Change Plea Hr'g Tr. at I-11 (court stating to Mlaska that "there's a release from custody period of three years mandatory supervised release. That's the old form of parole.") Thus, the claim must be based on Mlaska's alleged unawareness of the electronic monitoring. Mlaska did not, however, submit any facts or law that show he will, in fact, be subject to electronic monitoring while on supervised release. Counsel cannot be deemed ineffective for failing to advise Mlaska of a sentence term that, as far as the record shows, does not exist.

In light of the foregoing, Mlaska's next claim, that the totality of his lawyer's errors rendered the plea invalid, is also meritless.

Mlaska's last defaulted claim is that the court improperly imposed a greater sentence on him than on his co-defendant. Defense counsel, however, cannot be held responsible for the court's errors. Thus, to the extent this claim is based on the court's error, counsel's alleged ineffectiveness will not cure the default.

Mlaska fares no better if we construe this claim as one for ineffective assistance because counsel had no basis to object to Mlaska's sentence. As noted above, the sentence is within the statutory limit for first degree murder. *See* 730 ILL. COMP. STAT. 5/5-8-1(a)(1)(a). Moreover, neither the U.S. nor Illinois Constitution requires that "[all] participants in an offense or criminal act receive the same punishment." *People v. Gibbs*, 288 N.E.2d 70, 72 (Ill. App. Ct. 1972); *see United States v. Contreras*, 937 F.2d 1191, 1195-96 (7th Cir. 1991) (stating that the U.S. Constitution only requires that a defendant's sentence bear a rational relation to his own offense, not to the sentences of other offenders). Thus, defense counsel's failure to object to the four-year difference between Mlaska's sentence and that of his co-defendant was not unreasonable.

Having failed with ineffective assistance, Mlaska proffers another cause for his default: diminished mental capacity. Although the record shows that in July 1999, Mlaska was diagnosed as having organic brain damage due to substance abuse and major depression, it also shows that he was given medication for the conditions and, for the next two years, had few problems. (*See* Pet'r's Supplement Reply, Exs. 5, 7-13, Mental Health Evaluations.) The record contains no evidence pertaining to Mlaska's mental condition after April 2001. Mlaska pursued post-conviction relief, and defaulted the claims he is now trying to revive, from 2002 through 2004. Because there is no evidence that his mental capacity was impaired during that period, his alleged mental problems cannot cure the default.

Even if there were such evidence, it would not further Mlaska's case. "The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Thus, our court of appeals has said, "[s]omething that comes from a source within the petitioner is unlikely to qualify as an external impediment." *Id.* at 489 (rejecting petitioner's assertion that his "low IQ and limited reading ability" constituted cause for default); *see Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995) (holding that petitioner's depression was not cause for procedural default). Thus, even if the record reflected that Mlaska had diminished capacity during the post-conviction process, his mental condition would not excuse his default.[1]

There is one other avenue for curing default: a claim of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (U.S. 1986) ("[W]here a constitutional violation has probably

---

[1] Respondent also argues that most of Mlaska's claims are untimely. Given the Court's conclusion that the allegedly untimely claims are defaulted, we need not decide that issue.

resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). There is some debate as to whether a habeas petitioner must show that he is "probably . . . actually innocent," or "show[] by clear and convincing evidence that but for constitutional error, no reasonable juror would find him [guilty]," to take advantage of this exception. *See McCoy v. Lockhart*, 969 F.2d 649, 650-51 (8th Cir. 1992) (discussing Supreme Court cases setting forth the two standards). Ultimately, it does not matter because Mlaska does not deny that he killed the victim, he simply says that he had not planned to do so. (*See* Pet'r's Reply at 6; Pet'r's Supplement Reply, Mlaska Aff. ¶ 8.) Because Mlaska's alleged lack of premeditation does not make him innocent of murder, the actual innocence exception does not save his claims.

## Merits

That leaves only one claim for review: that defense counsel was ineffective for rejecting a plea offer without Mlaska's knowledge or consent. Ineffective assistance of counsel claims are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. Thus, Mlaska is entitled to habeas relief on this claim only if he demonstrates that the state court proceedings on it "resulted in a decision that . . . involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States" to the facts of the case. 24 U.S.C. § 2254(d)(1); *see Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996) (stating that the "unreasonable application" clause of section 2254(d)(1) applies to mixed questions of law and fact), *rev'd on other grounds*, 521 U.S. 320 (1997).

The state court said this about Mlaska's claim:

To set forth a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation was deficient and that the asserted deficiency in counsel's performance caused him prejudice. Barrow, 195 Ill. 2d at 519; Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). In this case, the State concedes that defendant has shown that trial counsel was deficient in failing to inform him of the State's initial plea offer . . . , thereby establishing the first prong, but maintains that defendant has not demonstrated the prejudice prong of the test. In support of that contention, the State first cites defendant's failure to provide any information or documentation as to the terms of the offer. . . . The State also relies on remarks made by the trial court in a preliminary proceeding regarding defendant's motion to vacate his guilty plea. At that August 23, 1999 hearing, the trial court stated:

"I heard the facts. I heard the trial on that one. I would not reduce the sentence. That was a negotiated plea and I know the state wanted natural life on that. And I know the attorney did a lot of work to get [defendant] down to 42 years. So I know myself with the facts that I heard and the entire situation of the accountability and all that was brought out . . . . I gave him the 42 years and that was after a lengthy time me thinking about it. I would not go any further. Just so you know that."

From this, the State concludes that 42 years was the lowest sentence the court was amenable to on the facts, and, accordingly that defendant would not be prejudiced by the terms of any offer by the State he claims counsel did not convey to him.

. . .

[D]efendant failed to provide the substance of the State's prior plea offer or explain its absence. Instead, defendant speculates that the offer could have included additional incentives, such as "earlier parole terms, or placement in a specific DOC facility or treatment program" which he "may have been amenable to." The trial court's remarks, which indicated that the State was seeking a term of natural life imprisonment and that counsel negotiated to get defendant's sentence down to 42 years, belies his assertion that it was likely that the terms of the State's initial plea offer would have been more favorable to him to establish the requisite prejudice. Accordingly, we find that defendant failed to set forth the gist of a constitutional claim of ineffective assistance of trial counsel and affirm the circuit court's summary dismissal of his post-conviction petition.

(Resp't's Answer. Ex. G, *People v. Mlaska*, slip op. at 3-5, No. 1-02-1717 (Ill. App. Ct. Mar. 31, 2004).)

The state court identified the correct legal standard for ineffective assistance claims, *Strickland*. Moreover, the court applied that standard reasonably to the facts before it. Provided with nothing but speculation as to the contents of the initial plea offer, the court reasonably held that Mlaska had not proven that, but for his lawyer's action, he would have accepted the initial plea offer – the essence of prejudice. *See Paters v. United States*, 159 F.3d 1043, 1047 (7th Cir. 1998) ("In order to establish prejudice, [petitioner] must show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, he would have accepted the government's offer."). Mlaska is not, therefore, entitled to habeas relief on this claim.

## Conclusion

For all of the reasons set forth above, the Court denies Mlaska's petition to vacate his sentence pursuant to 28 U.S.C. § 2254 [doc. no. 1]. This case is hereby terminated.

SO ORDERED.                    ENTERED: 6/27/06

RONALD A. GUZMAN
United States District Judge